IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

J.S.J.S ENTERTAINMENT, INC.,

     Plaintiff,

v.

AMGUARD INSURANCE COMPANY,

     Defendant.

_____/

### AMGUARD INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant, AMGUARD INSURANCE COMPANY ("AmGuard" or "Defendant") gives notice of the removal to this Court of the case styled J.S.J.S ENTERTAINMENT, INC., v. AMGUARD INSURANCE COMPANY, Case No. 2023-CA-017029-O, filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. As grounds for this removal, AmGuard states the following:

### FACTUAL BACKGROUND

1.     On November 21, 2023, Plaintiff, J.S.J.S. ENTERTAINMENT, INC. ("Plaintiff") filed a Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County against AmGuard seeking damages for a breach of contract involving a denial of coverage under a business owner's insurance policy.  *See the Complaint which is attached as Exhibit "A."*

2.     AmGuard was served with the Complaint on November 29, 2023.

3.     AmGuard issued a business policy of insurance to Plaintiff a copy of which was served with the Complaint.

4.      According to the Plaintiff's Complaint, the Plaintiff is a Florida corporation and leases the subject property located at 6231 International Dr., Orlando, FL 32819, Orange County, Florida ("Insured Property").  *See* Complaint ¶ 3.

5.      On September 28, 2022, Plaintiff alleges in its complaint that it suffered a loss due to a Hurricane. *See* Complaint ¶ 8.

6.      On September 11, 2023, Plaintiff filed a Property Insurance Notice of Intent to Initiate Litigation. The Notice estimated the damage to be $95,515.00.  *See the Property Insurance Notice of Intent to Initiate Litigation which is attached as Exhibit "B."*

7.      Defendant removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

8.      A district court has original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.   Noyes v. Universal Underwriters Ins. Co., 3 F. Supp. 3d 1356, 1359 (M.D. Fla. 2014); and Lett v. Wells Fargo Bank, N.A., 233 F. Supp. 3d 1330, 1335 (S.D. Fla. 2016)

### PLAINTIFF AND AMGUARD ARE OF DIVERSE CITIZENSHIP

9.      Plaintiff is a Florida corporation according to the Complaint.  *See* Exhibit A

10.      AmGuard is a foreign corporation incorporated in the State of Nebraska, with its principal place of business in Wilkes Barre, Pennsylvania.

11.      Thus, to determine whether diversity jurisdiction exists, AmGuard is incorporated in Nebraska and has its principal place of business in Pennsylvania.  See 28 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

**THE AMOUNT IN CONTROVERSY IS IN EXCESS**
**OF $75,000, EXCLUSIVE OF COSTS AND INTEREST**

12.     For purposes of determining whether the $75,000 threshold for diversity jurisdiction exists, courts have determined that jurisdiction is proper where the jurisdictional amount is "facially apparent" from the complainant itself.  Williams v. Best Buy Co., 269 F. 3d 1316 (11th Cir. 2001)

13.     Plaintiff's Complaint alleges he is seeking in excess of $50,000, the jurisdictional amount in Florida Circuit Court.  In addition, Plaintiff has stated that he is seeking $95,515.00 in his Notice of Intent to Initiate Litigation. *See Exhibit "B."*

14.     Therefore, the amount in controversy exceeds the $75,000 jurisdictional amount, exclusive of costs and interest.

**CONCLUSION**

15.     This Notice of Removal is timely within thirty days of the date of service, which occurred on November 23, 2023.  28 U.S.C. §1446(b); Fed. R. Civ. P. 6(a)(1).

16.     Accordingly, this case is removable pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states (Plaintiff, Florida, and AmGuard, Nebraska, and Pennsylvania) and the amount in controversy clearly exceeds the sum of $75,000.00.

17.     Venue is proper in this Court because the case is being removed from the Circuit Court of Ninth Judicial Circuit of Florida. 28 U.S.C. §§ 1441(a) and 1446(a).  Attached is the proposed Notice of Filing Notice of Removal attached as Exhibit "C."

18.     Copies of all available processes, pleadings, and orders served upon or by AmGuard in the state court case are attached hereto as Exhibit "D."  A copy of the Orange County Clerk of Court's docket is attached hereto as Exhibit "E."

**WHEREFORE**, Defendant, AMGUARD INSURANCE COMPANY, removes this action from the Circuit Court of the Ninth Circuit in and for Orange County, Florida, to this Honorable Court and respectfully request that this Honorable Court assume jurisdiction of this action pursuant to 28 U.S.C. §§ 1332 and 1441.

Respectfully submitted this ___15th___ day of __December____, 2023.

**WADSWORTH, MARGREY, & DIXON, LLP**
*Attorneys for Defendant*
The Jane Building
261 N.E. 1st Street, 5th Floor
Miami, Florida 33132
(305) 777-1000 Telephone
(305) 777-1001 Facsimile


By: ___David Echavarria_____
David H. Echavarria, Esq.
Florida Bar No.: 27720
Primary: de@wmd-law.org;
paigem@wmd-law.org
Christopher W. Wadsworth, Esq.
Florida Bar No. 078026
Secondary: cw@wmd-law.org;
pleadings@wmd-law.org


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF, on this ___15th___, December 2023.


___David Echavarria_____
Attorney